ACCEPTED
04-15-00259-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
7/13/2015 5:06:47 PM
KEITH HOTTLE
CLERK

No. 04-15-00259-CV

IN THE

FOURTH COURT OF APPEALS

at SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
07/13/2015 5:06:47 PM
KEITH E. HOTTLE
Clerk

---

CITY OF SAN ANTONIO,
Appellant,
v.
ROXANA TENORIO, INDIVIDUALLY
AND ON BEHALF OF PEDRO TENORIO, DECEASED,
Appellee.

---

Appealed from the 73RD District Court of
Bexar County, Texas
Trial Court No. 2014-CI-14704
Honorable Stephani Walsh, Judge Presiding

---

BRIEF OF APPELLEE, ROXANA TENORIO, INDIVIDUALLY AND ON
BEHALF OF PEDRO TENORIO, DECEASED

---

Joe Brad Brock
Texas Bar No. 03040830
5866 S. Staples, Suite 103
Corpus Christi, Texas
Tel. (361) 884-1086
Fax (361) 884-8446
joebrad@thebrocklawfirm.com

ATTORNEY FOR APPELLEE,
ROXANA TENORIO, INDIVIDUALLY
AND ON BEHALF OF PEDRO
TENORIO, DECEASED

# IDENTITY OF PARTIES & COUNSEL

**Appellant**

City of San Antonio

**Appellate Counsel**

Dan Pozza
State Bar No. 16224800
Attorney at Law
239 East Commerce Street
San Antonio, Texas 78205
(210) 226-8888 - Phone
(210) 224-6373 - Fax
danpozza@yahoo.com

**Appellate and Trial Counsel**

Martha G. Sepeda, Acting City Attorney
State Bar No. 13143100
Michael D. Siemer, Assistant City
Attorney
State Bar No. 18343670
Office of the City Attorney
Litigation Division
111 Soledad Street, 10th Floor
San Antonio, Texas 78205
(210) 207-8784 - Phone
(210) 207-4357 - Fax
martha.sepeda@sanantonio.gov
michael.siemer@sanantonio.gov

**Appellee**

Roxana Tenorio, Individually and
on Behalf of Pedro Tenorio,
Deceased

**Appellate and Trial Counsel**

Joe Brad Brock
State Bar No. 03040830
Law Office of Joe Brad Brock
5866 S. Staples, Suite 103
Corpus Christi, Texas 78413
(361) 884-1086 - Phone
(361) 884-8446 - Fax
joebrad@thebrocklawfirm.com

II

# TABLE OF CONTENTS

IDENTITY OF PARTIES & COUNSEL............................................. II

TABLEOFCONTENTS........................................................ III

INDEX OF AUTHORITIES.................................................IV

STATEMENT OF THE CASE.................................................V

STATEMENT ON ORAL ARGUMENT ...........................................VI

REPLY TO ISSUES PRESENTED...............................................VII

STATEMENT OF FACTS....................................................1

SUMMARY OF THE ARGUMENT...............................................2

ARGUMENT...........................................................3

A: STANDARD OF REVIEW................................................3

B: FORMAL NOTICE IS NOT REQUIRED WHEN THE
GOVERNMENTAL ENTITY HAS ACTUAL NOTICE..........................4

C: THERE IS AMPLE EVIDENCE IN THE RECORD RAISING A FACT
ISSUE OF THE CITY'S SUBJECTIVE AWARENESS OF ITS FAULT
IN PRODUCING OR CONTRIBUTING TO TENORIO'S INJURY............5

CONCLUSION..........................................................9

PRAYER.............................................................10

CERTIFICATE OF SERVICE...............................................11

CERTIFICATE OF COMPLIANCE...........................................12

# INDEX OF AUTHORITIES

## CASES

*Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex. 1995) (per curiam)................... 3,4

*City of Dallas v. Cabajal,* 324 S.W.3d 537,538 (Tex. 2010)...............................4,5

*Texas Department of Criminal Justice v. Simons,* 140 S.W.3d 338, 347

(Tex. 2004).............................................................................................4,5,7,9

*Tex. Dep't of Park's & Wildlife v. Miranda,* 133 S.W.3d 217, 227

(Tex.2014).................................................................................................3,4

*Univ. Of Texas v S.W. Med. Ctr. At Dallas v. Estate of Arancibia,* 324

S.W.3d 544, 549, 550 (Tex. 2010)....................................................................7

*Wadewitz v. Montgomery,* 951 S.W.2d 464, 466 (Tex. 1997)..............................8,9

## STATUTES

Tex. Civ. Prac. & Rem. Code Ann

Section101.101................................................................................1,2,4,9

## OTHER AUTHORITIES

*Article XII, Sec. 150 City of San Antonio Charter*.................................1,2

## STATEMENT OF THE CASE

Appellee agrees with appellant's statement of the procedural history of the case.

## STATEMENT REGARDING ORAL ARGUMENT

Because Tenorio offered evidence raising a fact issue about whether the City of San Antonio was subjectively aware of its fault, the City of San Antonio had actual notice of Tenorio's claim. Tenorio does not believe the Court's decisional process will be aided by oral argument.

# ISSUES PRESENTED

Reply to issue 1: There is ample evidence in the record raising a fact issue that the City of San Antonio had actual notice of Tenorio's claim and was subjectively aware of its fault and Tenorio's injury's.

Reply to issue 2: The trial court rendered the correct judgment denying the City of San Antonio's plea to the jurisdiction because the evidence showed there is a disputed material fact regarding the jurisdictional issue that the City of San Antonio had actual notice of Tenorio's claim.

# STATEMENT OF FACTS

Appellant, the City of San Antonio ("the City"), seriously misstates the facts in its brief. The City's brief failed to mention most if not all the evidence presented to the trial court for consideration by Roxana Tenorio, Individually and on behalf of Pedro Tenorio, Deceased ("Tenorio"). Tenorio's lawsuit arises from a motor vehicle collision that occurred on September 2, 2012 when the motorcycle that she and her husband were riding on was struck by a vehicle being operated by Defendant, Benito Garza on Loop 410 in San Antonio, Texas. As a result of the collision Pedro Tenorio was killed and Roxana Tenorio was severely injured. At the time of the collision Defendant, Benito Garza was driving on the wrong side of the highway and was fleeing San Antonio Police Department officers who just moments before had been in a high speed pursuit of him. Tenorio alleges that the San Antonio Police Department officers were negligent in initiating, continuing and failing to terminate the pursuit of Benito Garza under the circumstances. (CR 1-6.)

Tenorio does not dispute that she did not give the City written notice of her claim or claim asserted on behalf of her husband as prescribed by § 101.101 Tex. Civ. Prac. & Rem. Code Ann. and Article XII, Sec. 150 of the City of San Antonio Charter. (CR 55.) Instead, Tenorio asserts and has shown that the City had actual notice of her claims as a result of the facts gathered by the City through the San

1

Antonio Police in its evaluation of the pursuit conducted within thirty one (31) days following the pursuit. (SCR 22-140.) The pursuit evaluation was conducted to determine if he pursuit complied with the City's police department policy and procedure. (SCR 22.) The focus of the City's police department's evaluation of the pursuit was to determine if the officers acted in good faith as reasonable prudent officers under the circumstances. (SCR 147-148.) The evaluation of the pursuit took into consideration the need to apprehend the fleeing suspect and the hazardous circumstances and environmental conditions in continuing the pursuit. (SCR 1148.)

## SUMMARY OF THE ARGUMENT

Because the City of San Antonio challenges the existence of jurisdictional facts, Tenorio presented evidence to the trial court that there was a disputed material fact regarding the jurisdictional issue. The formal notice requirements do not apply as required by Tex. Civ. Prac. & Rem. Code Ann. § 1010.101(a) and Article XII, Sec. 150 of the Charter of the City of San Antonio "when the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged." *Id* § 101.101(c). Governmental entities have actual notice when they have "knowledge of (1) a death, injury, or property damage; (2) the governmental units alleged fault producing or contributing to the death, injury, or property damage; and (3) the identity of the parties involved. *Cathey v. Booth*, 900

2

S.W.2d 339, 341 (Tex. 1995) (per curiam). Because Tenorio presented evidence to the trial court of the City's knowledge that it produced or contributed to the injury the trial court's denial of the City's Plea to the Jurisdiction should be affirmed.

## ARGUMENT

**Reply to issue 1**: There is ample evidence in the record raising a fact issue that the City of San Antonio had actual notice of Tenorio's claim and was subjectively aware of its fault and Tenorio's injuries.

**Reply to issue 2**: The trial court rendered the correct judgment denying the City of San Antonio's plea to the jurisdiction because the evidence showed there is a disputed material fact regarding the jurisdictional issue that the City of San Antonio had actual notice of Tenorio's claim.

## ARGUMENT & AUTHORITIES

### A. Standard of Review

Tenorio agrees that the question of whether the trial court has subject matter jurisdiction is a question of law subject to *de novo* review by the appellate court. Since the City has challenged the existence of jurisdictional facts, the appellate court considers relevant evidence submitted by the parties to resolve the jurisdictional issues raised. *Tex. Dep't of Park's & Wildlife v. Miranda*, 133 S.W.3d 217, 227-28 (Tex. 2004). "If the evidence creates a fact issue as to the jurisdictional issue, then

it is for the fact finder to decide." *Id.* at 227-28. When the evidence raised a fact question regarding the jurisdictional issue, the trial court cannot grant a plea to the jurisdiction, and the fact issue is to be resolved by th fact finder. *Id.* "This standard generally mirrors that of a summary judgment." *Id.* When reviewing a plea to the jurisdiction the court takes as true all evidence favorable to the nonmovant. *Id.*

**B. Formal notice is not required when the governmental entity has actual notice.**

Formal written notice requirements do not apply if the governmental unit has actual notice. Tex. Civ. Prac. & Rem. Cose Ann. Section 101.101(c). Governmental entities have actual notice when they have "knowledge of (1) a death, injury, or property damage; (2) the governmental units alleged fault producing or contributing to the death, injury or property damage; and (3) the identity of the parties involved. *Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex. 1995) (per curiam). What the Court intended in *Cathey* by the second requirement was that the governmental unit have knowledge that amounts to the same notice to which it is entitled by Section 101.101(a). *City of Dallas v. Carbajal,* 324 S.W.3d 537, 538 (Tex. 2010). However, the Court's holding in *Cathey* did not mean that the governmental unit was required to know that the claimant had actually made an allegation of fault. *Texas Department of Criminal Justice v. Simons,* 140 S.W.3d 338, 347 (Tex. 2004). What is required

4

is subjective awareness of its fault, as ultimately alleged by the claimant, in producing or contributing to the claimed injury. *Id.* at 345.

**C. There is ample evidence in the record raising a fact issue of the City's subjective awareness of its fault in producing or contributing to Tenorio's injury.**

The City of San Antonio contends that the Texas Peace Officer's Crash Report is no more than a routine investigation and is insufficient to provide actual notice of its claim, *Citing City of Dallas v. Carbajal,* 324 S.W.3d 537 (Tex. 2010). The Supreme Court stated in *Carbajal* the "the police report here is no more than a routine safety investigation, which is insufficient to provide actual notice. *Id.* at 539. In that case, the Plaintiff sustained injuries after driving her vehicle onto an excavated road. *Id.* at 538. The police officer investigated the accident and filed a written report describing the accident, explaining that there were no barricades blocking the road and that the gap in the road "was not properly blocked." *Id.* The City of San Antonio misconstrues *Carbajal.* The Court did not establish a bright line rule stating that a routine safety investigation will never provide a governmental unit with actual notice of its fault. In *Carbajal* the Court focused not on the purpose of the investigation "routine safety", but rather what facts the investigation revealed to the governmental unit.

5

In this case, the City of San Antonio Police Department has established guidelines for officers in situations necessitating the use of emergency vehicles for emergency operations. (SCT 8-20). All pursuits are evaluated with an eye toward litigation. Within thirty-one (31) days following this pursuit an evaluation of the pursuit was conducted by the San Antonio Police Department to determine if the pursuit complied with department procedure and policy. (SCR 22-140). Deputy Chief Roy Waldhelm testified in his deposition that the focus of the evaluation of this pursuit was to determine if the officers acted in good faith as a reasonable prudent officer under the circumstances. (SCR 147-48). He testified that the evaluation of this pursuit took into consideration the need to apprehend the fleeing suspect and the hazardous circumstances and environmental conditions in continuing the pursuit. (SCR 138.) Deputy Chief Waldhelm agreed that factors such as weather and light conditions, road type, length of chase, speed and traffic conditions are subjective factors what were evaluated in determining if the officers in this pursuit acted as reasonable prudent officers under the circumstances as the pursuit unfolded. (SCR 146 & 149.) The City of San Antonio Police Department evaluation was conducted by the managing supervisor and reviewed by the shift director, service area commander and division commander. (SCR 147-148.) The Pursuit Evaluation Report itself included a synopsis of the report prepared by the managing supervisor,

6

statements from the officers operating the primary and secondary pursuit vehicles, thirty-seven (37) other involved officers. (SCR 22-140). The section commander and division commander reviewed all submitted reports and were responsible for reviewing all available data and for conducting an evaluation of the pursuit. (SCR 147.) This evaluation was directed toward identifying violations of policies and procedures and any needed corrective or disciplinary action. (SCR 148).

The San Antonio Police Department pursuit evaluation report does not find fault in this pursuit. However, "fault" as it pertains to actual notice, is not synonymous with liability, rather it implies responsibility for an injury claimed. *Univ. of Texas vs S.W. Med. Ctr. at Dallas v. Estate of Arancibia*, 324 S.W.3d 544, 549, 550 (Tex. 2010). Thus, even though the city might believe its employees were not negligent, that belief does not preclude actual knowledge of its fault. See *Id.* at 549-50. (Actual notice established despite the governmental unit's internal investigation revealing no breach of the standard of care). As pointed out by the Court in *Simons* no Court has held that fault must be exclusively the governmental unit's. Rather the Plaintiff must present some evidence of the city's knowledge that it produced or contributed to the injury. See *Id.* at 347. The City of San Antonio cannot evade notice by subjectively refuting fault. Fault as required in *Simons* is not defined by the defendant, but rather as is ultimately alleged by a claimant. *Id.* at 347.

7

Plaintiff is not required to prove the City of Antonio had subjective knowledge of its fault as a matter of law because this case involves issue of whether or not the police officers acted in good faith. In police pursuit cases an officer acts in good faith when reasonable prudent officer under the same or similar circumstances could have believed that the need to immediately apprehend the suspect outweighed a clear risk of harm to the public in continuing the pursuit rather than terminating it. *Wadewitz v. Montgomery*, 951 S.W.2d 464, 466 (Tex. 1997). Whether the officers acted in good faith is a fact issue. Here the City of San Police Department evaluated this pursuit with a focus on whether or not the officers acted in good faith considering the need to apprehend the fleeing suspect and risk of harm to the public. (SCR 147-48.) The San Antonio Police Department pursuit evaluating is much more that a routine safety evaluation. If includes reasons for engaging in the pursuit, tactics employed to apprehend the offender, location of engagement and termination of the pursuit, difficulties encountered in the pursuit, the identity of all officers involved in the pursuit and their relative assignments, speed, path and direction of the pursuit and an evaluation of the pursuit including procedural violations and training recommendations and finally an evaluation directed toward identifying violations of policies and procedures and any needed corrective or disciplinary action. (SCR 22-140.) The San Antonio Police Department pursuit evaluation was completed 31 days

8

after the incident on October 3, 2012. In addition to an evaluation of the pursuit the San Antonio Police Department pursuit evaluation contains accident information, property damage, and casualties resulting from the pursuit. Noting in this case the injuries and death of Plaintiffs. (SCR 22-140.)

As the Supreme Court explained in *Simons* actual notice does not mean the governmental unit was required to know that the claimant had actually made an allegation of fault. *Id.* at 347. What is intended by the second requirement for actual notice was that the governmental unit have knowledge that amounts to the same notice to which it is entitled by Section 101.101(a). That includes subjective awareness of fault, as ultimately alleged by the claimant, in producing or contributing to the claimed injury. *Id.* If the governmental unit has subjective awareness of fault along with the other required information under Section 101.101(a); [(1) the damage or injury claimed; (2) the time and place of the incident; and (3) the incident], then requiring formal writtend notice in addition would do nothing to further the purpose of the statute which is to "enable governmental unit to gather information necessary to guard against unfounded claims, settle claims and prepare for trial. *Id.*

## CONCLUSION

The formal notice requirement prescribed by statute and City of San Antonio's City Charter do not apply since the City of San Antonio had actual subjective

9

awareness of it fault in producing or contributing to their injury as alleged by Tenorio. Considering the purpose of the pursuit, and the investigation and evaluation of the pursuit Tenorio has presented ample evidence raising a fact issue of the City's subjective awareness of its fault in producing or contributing to her and her husband's injury and death.

## PRAYER

For these reasons, Appellee prays that the trial Court's denial of the City's Plea to the Jurisdiction be affirmed and for all such relief to with they are entitled.

Respectfully submitted,

**THE LAW OFFICE OF JOE BRAD BROCK**
5866 S. Staples, Suite 103
Corpus Christi, Texas 78413
Telephone (361) 884-1086
Facsimile (361) 884-8446
Email joebrad@thebrocklawfirm.com

_____
Joe Brad Brock
State Bar No. 03040830

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent to all counsel of record in accordance with the Texas Rules of Civil Procedure on the 13th day of July, 2015.

_____
Joe Brad Brock

11

## CERTIFICATE OF COMPLIANCE

1.   The undersigned certifies that this Brief of Appellee complies with the type-volume limitation of Tex. R. App. P. 9.4(i)(2)(D) because this brief contains 2,777 words, excluding parts of the brief exempted by Tex. R. App. P. 9.4(i)(1).

2.   This brief complies with the typeface requirement of Tex. R. App. P. 9.4(e) because this brief has been prepared in a conventional typeface of 14-point font in the text.

_____

Joe Brad Brock